Butler, J.
Three questions were raised in this case, and they will be considered in the order An which they stand upon the record. '
The defendant complains, in the first place, that the court erred in admitting the opinion of the witnesses, although connected with the facts on which the opinion was Based, upon the question whether the privies and sties described in the declaration were, or were not, nuisances, and so nuisances that they *261 must and would make the plaintiff’s house uncomfortable. The witnesses testified that they were acquainted with the effects which privies and sties have upon the air about them. It is obvious, then, that if the subject matter was of such a character that they could become experts, they were experts, and as such properly permitted to testify. And if such was not the character of the subject matter, yet we are clearly of opinion that the testimony was admissible, within the principles sanctioned by this court in the case of Porter v. The Pequonnoc Manufacturing Co., 17 Conn., 249. In that case individuals who, by their personal observation, had acquired a knowledge of the character of the stream, and also of the dam erected thereon, were permitted to testify whether, in their opinion, the dam was sufficiently strong to withstand the stream ; not on the ground that they were technically experts, acquainted professionally with the force of water in streams, and the strength of dam required to resist it, but on the ground that, as practical and observing men, having knowledge of facts which such men would observe and understand, their judgment or opinion, in connection with the facts so observed, were admissible. And the court well said, that to preclude them from giving their opinion on the *subject, in connection with the [ *320 ] facts testified to by them, would close an ordinary and important avenue to the trijth. So here, the witnesses were acquainted with the effects which privies and sties have upon the air about them. They examined the premises, and testified as to their nature and condition. Such knowledge and such facts are within the reach and observation of ordinary men ; and an examination of the premises by professional men as experts, and an opinion from them in connection with the facts, would have been of no more value than that of the witnesses called. Opinion as to the future and permanent offensiveness of the privy and sty was important and admissible. It was, therefore, clearly proper that the testimony should be received. Those witnesses were as well qualified to judge whether the privy and pig-sty were, and would continue to be, offensive or not, and whether so offensive as to render the plaintiff’s house uncomfortable, as any witnesses could be, and as the witnesses in the case named were to judge of the rapidity and force of the stream and of the probability that it would force away the dam which was erected across it. tíee also Cottrill v. Myrick, 12 Maine, 222.
The record shows, in the second place, that the plaintiff offered witnesses to prove that his wife, (deceased at the time of the trial,) complained of the offensive smells from the nuisances, *262 while suffering from them, and during the time named in the declaration ; the witnesses testifying that the offensive smells were also perceived by them. This evidence was objected to. The court ruled that the plaintiff might show that complaint was made while the party was suffering from the stench, but excluded the testimony so far as claimed for any other purpose.
A man may recover, not only for injuries done to himself by a nuisance, but for those doné to his family. In this case the declaration contains an averment of annoyance to the family, and evidence to prove that averment was admissible. The motion shows that the wife w7as suffering from the nuisances. It is difficult to perceive why the complaint of a person suffering from a nuisance, may not be received as an £ *321 ] ^expression of bodily or mental feeling, and as original evidence, as well as in any other case of. annoyance or injury. Whether the annoyance or injury Were real or feigned was for the jury to determine, as. in all other cases of suffering and complaint.
The defendant complains, in the third place, that he proved, or offered evidence to prove, that the privy was not a nuisance, and asked the court to charge the jury that, if they so found, the verdict on the first count must be for the defendant. The court did not so charge, but instructed them that if they found either the privy or the sty to fcfe a nuisance they must find for the plaintiff on that count.
The claim of the plaintiff substantially is, that inasmuch as the sty was alleged to be a nuisance in both counts of the declaration, and the privy was alleged to be a nuisance in the first count only, he had a right, as a matter of law, to insist that the jury should not pass upon the allegations in the first count in relation to the sty, but as to that count should pass upon the privy alone, and regard no allegations in relation, to the sty excepting those contained in the second count.
This claim can not be sustained. By the law of Connecticut, a jury may return a general verdict; and the plaintiff has a right to have them pass upon all the allegations iri the declaration, and he is entitled to their verdict, if he sustains by his proof, any of the allegations showing a cause of action. The court had rio power, therefore, to withdraw7 the allegations of the first count in relation to the sty from the consideration of the jury, arid direct them to disregard those allegations; It would be a violation of all principle to do so in such .a case. And if the second count should be defective, so that judgment theieori might be arrested, and the court should tell the jury to return their' verdict for the plaintiff, if they found the sty to be *263 a nuisance, on the second count only, which was bad, and not on the first which was good, they might thereby deprive the plaintiff of his verdict and do him a gross wrong. If the defendant desired to make a special issue, and have a special verdict in relation to the *privy, he should have pro- [ *322 ] vided for it by his pleading, and not sought to obtain it by asking the court to direct the jury to disregard any proper or essential allegation in either count of the declaration. The end desired might also have been attained by a request to the court to inquire of the jury how they found, in respect to the Fivy‘
. , , , A new trial is not advised.
In this opinion the other judges concurred.
New trial not advised.