63 · 131
38a 593'
63 131
44a 292
63 131
101a ¹394

OF

# THE STATE OF MISSOURI.

### OCTOBER TERM, 1876, AT JEFFERSON CITY.

———o———

MARGARET E. ELLIS, Plaintiff in Error, *vs.* KANSAS CITY, ST. JOSEPH AND COUNCIL BLUFFS RAILROAD COMPANY, Defendant in Error.

1. *Nuisance, private—Sickness caused by carcass of animal killed by railroad train—Who proper plaintiff—Wife's cause of action, survivorship of—Damages, measure of.*—Where a railroad company permits a horse, killed by its locomotive, to remain on the side of its track so near a dwelling house as to render its occupancy unwholesome, is guilty of a private nuisance, for which it becomes liable to the person in possession of the house. In such case the husband, being the occupier and in rightful possession, is the proper plaintiff, and not the wife, although the sickness resulting from the nuisance is that of the latter. And he may recover damages resulting from that cause and also from the sickness of any other members of his household. But if he be so in possession, the cause of action, for her injuries, will not survive to the wife.
Such case is distinguishable from one where the action is brought for personal injuries and physical suffering of the wife. (Smith vs. City of St. Joseph, 55 Mo. 456.)

*Error to Jackson Special Law and Equity Court.*

*F. M. Black*, with *Chas. I. Thomson*, for Plaintiff in Error.

For injuries to the wife, two causes of action accrue, one to the wife, for personal injuries and physical suffering that she has sustained, and the other to her husband, for expenses and loss of services incurred by reason of the injuries. In the former the husband is joined, as a nominal party only, if living. (Smith vs. City of St. Joseph, 55 Mo. 456.) On the death of the husband, the cause of action in favor of the wife survives to her. (Johnson vs. Dickens, 25 Mo. 583.) This is an action for damages arising from injuries to the health of plaintiff. (Vanderburg vs. Truax, 4 Den. 464 ; Higby vs. Hewitt, 5 Exch. 243 ; People vs. Corporation of Albany, 11 Wend. 539.) Injuries to health, occasioned by an infected atmosphere or otherwise, are placed in the same category with injuries to the body or limbs, and are equally actionable. (3 Chit. Blackst. Com., marg. pp. 119–123.)

This being an action for injuries to the person, and not to the property, it is unnecessary to determine whether they belong to the class of public or private nuisances, as defined by the common law. When the result of the nuisance is special damage, such as injury to the health, the party suffering the injury has an action for damages, whether the nuisance be such as is termed public or private. (Story vs. Hammond, 4 Ohio, 376 ; Welton vs. Martin, 7 Mo. 307 ; Lansing vs. Smith, 4 Wend. 9 ; Smith vs. McConalty, 11 Mo. 517 ; Ray vs. Sellers, 1 Duv. [Ky.] 254.)

The second and third instructions given for the defendant seem to have proceeded on the theory that the cause of action was for damages to realty, instead of personal injuries to the wife.

*B. F. Stringfellow*, for Defendant in Error.

The only private nuisances known to the law are such as affect property. (2 Greenl. Ev. §§ 465, 470.) And none but the one in lawful possession of the property can complain. The possession by the husband as tenant from a stranger, is not the possession by the wife living with her husband.

NORTON, Judge, delivered the opinion of the court.

This was an action brought by plaintiff in the special law and equity court of Jackson county, to recover damages for a nuisance. It is alleged in the petition that the plaintiff and her husband and their children were living in a certain house in Platte county, of which her husband had the possession, situated about forty yards from the railroad track of defendant; that during their occupancy of said house the defendant, by their locomotive, ran against and killed a horse, directly opposite the house occupied by plaintiff, and permitted the same to remain on the side of their railroad track for about two weeks, during which time, by the decomposition of the carcass, the surrounding atmosphere became so noxious and offensive as to render the house occupied by the plaintiff unwholesome, and caused her to become seriously sick. The answer denies all the material allegations of the petition.

Upon the trial of the cause plaintiff offered evidence which tended to prove that in July, 1872, defendant, by its engine, killed a horse opposite to the house in which plaintiff, with her husband and family, lived, and about forty yards therefrom; that the carcass was permitted to lie on the side of the track of defendant's road, unburied, for about eight days, during which time it became so offensive as to render the occupancy of the house unwholesome, and caused sickness to the occupants thereof: that plaintiff, during the continuance of the nuisance, suffered from headache and nausea, and that in September following she was taken bed-fast and lay in bed some weeks; that plaintiff's husband died the 31st of October, 1872, of some disease of the lungs.

Defendant offered evidence tending to show, that before the horse was killed plaintiff's husband was suffering from a disease of the lungs, and also the evidence of a physician, who testified that he had devoted himself to the study of the effects of animal decomposition; had heard the evidence of plaintiff; that from the symptoms described by her, her sickness was not produced by the effects of animal decomposition, but was of a malarial character, irregular remittent or intermittent fever.

The plaintiff asked six instructions, all of which were refused by the court, to which plaintiff excepted. The court gave three instructions for defendant, and to the giving of the second and third of them plaintiff excepted, and thereupon took a non-suit, with leave to move to set the same aside. A motion for that purpose was filed and overruled, to which plaintiff excepted, and brings the case here for review by writ of error.

The court refused the following instructions asked for by plaintiff:

"If the jury believe from the evidence, that plaintiff and her husband were, in the months of July and August, 1872, living and residing in the house some thirty or forty yards from the line of defendant's railroad track; that said husband deceased before the commencement of this suit; that in the month of July, 1872, the defendant, by its cars or engines, ran over and killed a certain horse at or near said house, and that defendant permitted said horse to lie where thrown on the side of the track in the sun, and there decompose; that thereby the surrounding atmosphere and said house were filled with stenches and unwholesome smells and odors, and that by reason thereof the plaintiff was rendered sick and received injuries to her health, or her health was thereby impaired, then you will find for plaintiff, and the measure of damages will be the amount of damages she sustained to her health."

As the other five instructions asked for by the plaintiff and refused by the court, contain substantially the same principle embodied in the one copied herein, it is unnecessary to notice them further.

The following instructions were given on the part of defendant:

1. "The jury are instructed that this action is not for the recovery of damages arising from a public nuisance, but is for the recovery of damages alleged to have been occasioned by a private nuisance committed by defendant."

2. "Plaintiff cannot recover for any of the grievances set out in the petition, unless the jury find from the evidence that the plaintiff was, at the time of the commission of such grievances,

in possession of the house and land mentioned in the petition as occupied by plaintiff."

3. "There is no such possession of said house or land by plaintiff as will entitle her to recover any damages in this action."

The first instruction given for defendant appears to have been given without exceptions, and the court in giving it rightly applied the law to the facts of the case. A nuisance is anything "which worketh hurt, inconvenience or damage." They are either public or private. A nuisance is public when it annoys all the members of a community, and private when it injuriously affects the lands, tenements or hereditaments of an individual. (3 Black. Com. 215.)

Nuisances in one's dwelling are all acts done by another from without, which render life within the house uncomfortable, whether it be by infecting the air with noisome smells or with gases injurious to health. ( 2 Greenl. Ev. § 466.)

The defendant, in permitting the horse killed by its locomotive to remain on the side of the track, so near the house occupied by plaintiff and her husband as to render its occupancy unwholesome, was guilty of a private nuisance, for which it rendered itself liable to an action by the person in possession of the house. The right of action in this case was in the husband of plaintiff, he being the occupier and in the rightful possession of the house with his family, by contract with the owner of the property. Had the husband brought this suit it could have been maintained, and on the trial he would have been permitted not only to show the sickness of himself, but also the sickness of his wife, his family, and the different members thereof, as a measure for the recovery of damages. (Story vs. Hammond, 4 Ohio, 376 ; Kearney vs. Farrell, 28 Conn. 317.)

It is urged by plaintiff's counsel that the right of action, for injuries resulting from the nuisance, survived to the wife after the death of the husband, and therefore the court erred in refusing plaintiff's instructions and in giving instructions two and three for defendant, and rely upon the cases of Smith vs. City of St. Joseph ( 55 Mo. 456 ), and Johnson vs. Dickson (25 Mo. 583), to sustain their view.

In the case of Smith vs. City of St. Joseph, which was a suit brought by plaintiff to recover for the loss of the services of his wife, and the expenses incurred by him for nurse hire and doctor's bills, in consequence of an alleged injury to her occasioned by defendant's neglect, the court simply decided that an action was maintainable, notwithstanding a former suit had been brought against the defendant by the husband and wife, to recover damages for the personal injuries and physical suffering of the wife, occasioned by the same neglect of defendant.

We cannot see how the well considered views of that opinion can be applied to this case. In that case it was asserted that the husband could not maintain an action for personal injuries and physical suffering of the wife, without making her a party, the meritorious cause of action being in her. In the case we are called upon to consider, the cause of action accrued to the occupier or tenant of the property affected by the nuisance complained of, and in a suit for damages occasioned thereby, he can recover for damages to the members of his family, without making them parties. We have not been able to find any authority which would authorize us to declare that each member of the family of the occupant of a house affected by a private nuisance could maintain an action therefor, which would follow if the views contended for by plaintiff are correct. In an action to recover damages for a nuisance of the character complained of, the plaintiff must prove possession of the house, the injurious act complained of, and the damages resulting therefrom. (2 Greenl. Ev. § 470.)

The second instruction given for defendant, requiring the jury to find, that before plaintiff could recover she must show that she was in possession of the house affected by the nuisance, was in accordance with the principles above laid down; and as the evidence showed that the premises at the time of the alleged grievance were in the possession of the husband of plaintiff, the third instruction for defendant was properly given.

The judgment is affirmed; the other judges concur.