## S. L. PIERCE *vs.* JOHN WAGNER.

### August 3, 1882.

Nuisance—Injuries to Family of Plaintiff.—In an action for a private nuisance, affecting injuriously the health and comfort of the plaintiff and his family, a recovery may be had, not only for such injury suffered by the plaintiff personally, but for that suffered by his family, whom he is bound to support.

Same—Verdict held not Excessive.—Verdict of $800 for the maintenance of a nuisance (stable and privy) for two months, greatly affecting the comfort of plaintiff and his family, and causing serious illness to the wife and several children of the plaintiff, considered not to appear to have been excessive.

Appeal by defendant from an order of the district court for Ramsey county, *Brill*, J., presiding, refusing a new trial, if plaintiff should consent to reduce the verdict to $500, and which was done.

*E. R. Hollinshead*, for appellant.

*S. L. Pierce*, for respondent.

DICKINSON, J. Action for nuisance, consisting in the erection and maintenance of a privy and stable upon premises adjacent to the

dwelling-house where plaintiff resided with his family. The alleged nuisance had been maintained two months when the action was commenced. The jury assessed damages in favor of plaintiff at $800.

Upon the trial, evidence was given tending to prove that the wife and several children of the plaintiff, comprising his family, were made sick by the nuisance complained of. This fact was set forth in general terms in the complaint. Upon a motion for a new trial, the court, basing its action upon the fact that "the verdict was so large that the jury must, in the opinion of the court, have misunderstood their duty, and have rendered a verdict either for the entire damages suffered to the time of the trial, or for the damages suffered by the entire family," ordered a new trial, unless plaintiff should stipulate that the verdict be reduced to $500, in which case the motion for a new trial was to be deemed denied. Plaintiff did so stipulate, and defendant appealed to this court.

The court had instructed the jury, in substance, that, in fixing the amount of damages, they might take into consideration the effect of the nuisance upon the health of the plaintiff and his family, and the discomfort and annoyance suffered by them. The jury were also distinctly instructed that the damages should be computed only to the time when the action was commenced. When the motion was determined, the court evidently considered that if the jury had awarded damages for injury suffered by the family of the plaintiff, it was error, and, from the amount of the verdict, considered that this element must have been included, unless the jury had assessed damages to the time of the trial. We think the reason which led the learned judge to consider the verdict excessive was not well founded. In such an action injury caused to the family of the plaintiff living with him, and whom he is bound to support, is a proper element of damages. *Story* v. *Hammond*, 4 Ohio, 376; *Kearney* v. *Farrell*, 28 Conn. 317; and see *Ellis* v. *Kansas City, etc., R. Co.* 63 Mo. 131. If the jury acted upon this principle in assessing damages, it was right. It is to be presumed they did so, for they had been properly instructed so to do. On the other hand, it is not to be presumed that they assessed damages to the time when the action was commenced, for they had been properly instructed not to do so.

It does not appear, then, from the order which we are called to review, or otherwise, to have been the opinion of the learned judge who tried the cause that if the jury adopted, as they presumably did, the legal rule above stated, which is in substance in accordance with the charge, the verdict, as rendered by the jury, was excessive; nor, upon a review of the case, would we say it was excessive, and apparently given under influence of passion .or prejudice. The case is one in which no fixed measure of damages can be laid down. The amount of damages could be measured only by the reasonable judgment and discretion of the jury. The fact that, for the reason above indicated, the plaintiff has been required to reduce the recovery by stipulation, is not for the defendant to complain of.

It was not error to receive proof that the son of the plaintiff was so affected by the acts complained of that he was obliged to give up his business and leave the place. Special damages were disclaimed, and the evidence went to show the extent and injurious effect of the nuisance.

Order affirmed.