LOUGHRAN v. THE CITY OF DES MOINES.

1. **Assignment of Error**: AMENDMENT TO OBVIATE OBJECTION. In this case the court gave appellant leave to make its assignment of errors more specific in order to obviate objection thereto made by counsel for appellee.

2. **Nuisance**: MEASURE OF DAMAGES: SICKNESS. Where a nuisance had been maintained which made plaintiff's dwelling-house disagreeable and unwholesome, and caused sickness to himself and family, the measure of his damages was the difference in the rental value of the property before and after the establishment of the nuisance, for the time it was maintained, and such additional sum as would compensate him for his loss of time and expense incurred by reason of the sickness of himself and family caused by the nuisance. (See opinion for authorities as to sickness.)

3. ———: SEVERAL PERSONS CONTRIBUTING TO: DAMAGES: EVIDENCE. Where damages were claimed by defendant on account of a nuisance created and maintained by it, it was competent for it to show, for the purpose of obviating or mitigating the damages, that other causes produced or contributed to the damages which plaintiff had suffered, and which he attributed alone to the nuisance complained of. (See opinion for authorities.)

5. ———: FILTHY STREAM IN CITY: LIABILITY OF CITY. It would *seem* that a city is not liable in damages as for a nuisance on account of the filthy and unwholesome condition of a small stream within its limits, where the stream passes over private property only, over which the city has no control.

### *Appeal from Polk Circuit Court.*

#### WEDNESDAY, OCTOBER 5.

THE plaintiff is the owner of a lot in the city of Des Moines, upon which there is a dwelling in which he resides with his family. He brought this action to recover damages of the city for wrongfully and negligently constructing a sewer through and over said lot, in such a manner that the contents thereof were discharged from the mouth or outlet of the sewer upon said lot on the margin of the Des Moines river, and so near the said dwelling-house that the air became polluted, and the locality unhealthy, to such an extent that the plaintiff's property became almost worthless, and, by reason of the inhalation of the noxious gases arising from said sewer, the plaintiff and his family became sick, to his great damage. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*James H. Detrick* and *Hugh Brennan*, for appellant.

*Cole, McVey & Clark*, for appellee.

ROTHROCK, J.—I. Counsel for appellee insist that the assignments of error are not sufficiently specific to require

1. ASSIGN-MENT of error: amendment to obviate objection.

this court to consider them. After this question was made by counsel, the appellant, by leave of the court, amended the assignment of errors so that no fair objection now exists as to their form, and we will pro-

ceed to consider such as we think demand the attention of the court.

II.   It is not denied that the city constructed a sewer through the plaintiff's lot, and the fact is established beyond question that the contents of the sewer were discharged from its mouth within about seventy-five feet of the plaintiff's house, and that the effect of such discharge was to create a stench in and about the house, of which the plaintiff might justly complain.   It is claimed, however, that the plaintiff has no ground of complaint, because the sewer was constructed through the plaintiff's premises with his consent. It is true that the plaintiff consented that the excavation might be made through the lot, and the sewer constructed ; but the jury were warranted in finding, from the evidence, that the consent was to construct a mere overflow sewer, and not one to be used for the constant discharge of sewage.   As we understand, the system adopted by the city is such that, by the use of catch-basins, surface water is carried off by the sewers, and the plaintiff's claim is that the consent given by him was for a sewer through his lot for an overflow at times when there would be an unusual discharge of water through the sewers.   This claim finds sufficient support in the evidence to authorize a finding to that effect, and we may say that the objection that the plaintiff was not entitled to recover damages cannot be sustained.   The questions in the case which demand consideration pertain to certain rulings of the court as to the measure of damage, and as to the exclusion of certain evidence offered and introduced by the defendant.

III.   The court instructed the jury upon the question as to the measure of damages as follows :   " If you find for

2. NUISANCE :   the plaintiff on the negligent and improper con-
measure of       struction of the sewer, then his measure of dam-
damages:
sickness.        age will be the difference in the rental value of
the property prior to the construction of the sewer, and after its construction, from the time that the sewer became injur-

Loughran v. The City of Des Moines.

ious to the property until August 5th; provided you find that the defendant had not obtained a license or permit to construct the sewer; and if you further find the plaintiff entitled to damage by reason of sickness of plaintiff and his family, and expenses incurred, then you will find such additional sum as will compensate plaintiff for his loss of time and expense incurred by reason of sickness of himself and family."

It is claimed by counsel for appellant that the true rule of damages is the difference in the rental value of the property, and that all damages arising from sickness in the family are too remote to authorize a recovery therefor. It will be observed that the instruction under consideration does not authorize damages for sickness as such; that is, the jury were not authorized to assess damages for the pain and suffering caused by the alleged sickness. It is only such damages as are capable of accurate estimation, to-wit, for loss of time and expense incurred by reason of such sickness. In our opinion the rule adopted by the court was correct. It appears that the nuisance complained of no longer exists. The sewer was closed and sealed up before the trial in the court below. In such cases the general rule is the difference in the rental value of the property for the time the nuisance existed. But this does not exclude the recovery of such special damages as the plaintiff may show he suffered by the existence of the nuisance; and we can see no reason why a party may not in such a case recover the actual expenses incurred by reason of the nuisance. *Ellis v. Railroad Co.*, 63 Mo., 131; *Story v. Hammond*, 4 Ohio, 376; *Kearney v. Farrell*, 28 Conn., 317.

IV. It appears from the evidence that there is a stream called "Bird's Run," which flows through the city, and empties into the river near plaintiff's lot. The stream is within sixteen feet of the south line of the plaintiff's lot. The defendant introduced several witnesses who testified that Bird's Run was the recep-

3. ——: several persons contributing to: damages: evidence.

tacle of the drainage of many privy vaults along its course through the city, and that at its mouth, and near the plaintiff's property, its bed was exceedingly filthy; so much so that it emitted bad odors. Indeed, according to the testimony of some of the witnesses, the damages complained of were either caused by Bird's Run, or its condition was an important factor in causing the damages of which plaintiff complains. One of the medical witnesses introduced by the defendant testified that "the principal cause of the unhealthfulness of that locality is the sewage of Bird's Run."

The court, on the motion of the plaintiff, withdrew from the jury all of this testimony as to the condition of said stream, and refused to allow the defendant to introduce further evidence as to its condition. Appellant complains of this ruling of the court. The record does not show the specific ground upon which this ruling was based, and we confess we can see no ground upon which it can be sustained. It was surely the right of the defendant to show that the damages to the plaintiff resulted from other causes than that upon which he founded his action; and it was competent for the city to show that the sewer was not the cause of all the damages complained of, and thus mitigate the damages complained of in the action. If several persons drain their premises into the same ditch, the waters of which are discharged near the premises of another, and produce an injury either to his estate or to its comfortable enjoyment, each of the persons so using the drain is liable for the damage occasioned by his act; but he is not liable for the damage caused by others. *Chipman v. Palmer*, 9 Hun., 517; (77 N. Y., 51;) *Keyes v. Little York Gold Co.*, 53 Cal., 724.

Counsel for appellee claim that this ruling was correct, because, if Bird's Run was filthy, it was the fault of the city. 4. ——: filthy stream in city: liability of city. The record does not show that the city was responsible for the condition of the stream. So far as we are able to determine from the evidence, the "run" passed through private property over which the

the city had no direct control. The defendant proposed to introduce evidence to the effect that the stream was not in any street or alley, or any other public ground over which the city had control, and the plaintiff objected to the evidence, and his objection was sustained. After obtaining this ruling from the court, appellee ought not to claim that the condition of the stream was the fault of the city.

We see no escape from reversing the judgment for the error in the rulings last above discussed.

REVERSED.