## Christ. Gempp v. Benjamin U. Bassham.

1. MEASURE OF DAMAGES—*To Dwellings from Livery Stables.*—When the injury is to the physical comfort, and results in the deprivation of the comfortable enjoyments of a home, the measure of damages is not in the depreciation of the rental value of the premises, but is compensation for such physical discomfort and deprivation of the use and comforts of the home.

2. NUISANCES—*Rules for Estimating Damages.*—The amount in dollars necessary to compensate a person for an injury to his dwelling house, resulting from unwholesome and noxious stenches from a livery stable, and loud and offensive noises caused by the stamping, kicking. etc., of horses, is not to be estimated by witnesses or the "actual amount" thereof established by testimony or calculated by any arithmetical rule.. It must be left to the sound judgment, experience and discretion of the jury to fix the amount in view of the facts of each particular case.

3. SAME—*Damage to Dwellings—Character of Proof.*—In an action for damages to a dwelling house resulting from the stenches and noises of a livery stable upon an adjoining lot, evidence of the effect of such stenches or noises upon any person who might be in the house, whether a member of the family or a mere caller, which tends to enlighten the jury upon the question whether the house was rendered physically uncomfortable as a home, is competent.

4. EVIDENCE—*Nuisances—Effect of Unwholesome Stenches.*—In an action by a husband for damages to his dwelling house, resulting from a livery stable, it is competent to show that the effluvia from the stable deleteriously affected the health of his wife.

5. SAME—*As to Damages from Nuisances.*—In actions for damages to dwelling houses from nuisances, all facts which will aid the jury in determining whether and to what extent the plaintiff and his family have been deprived of the wholesome and comfortable use of his home

by reason of stenches, noises, etc., from the nuisance (a livery stable), is competent.

6. SAME—*Rental Values.*—The character of the dwelling house, its value and rental before and after the location of the livery stable, are proper to be considered by the jury among other things, but the depreciation in rental values is not the measure of the plaintiff's damages, nor is it incumbent upon him to establish by evidence the actual amount of his damages.

7. PLEADINGS—*Special Damages.*—In actions to recover damages to a dwelling house resulting from odors and stenches from a livery stable, an averment in the declaration that such odors and stenches caused the illness of members of the family, is not necessary unless it is sought to recover special damages because of such illness, as moneys expended for medicines, medical treatment, etc.

**Trespass on the Case.**—Damages resulting from a nuisance.  Appeal from the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding.  Heard in this court at the November term, 1894.  Reversed and remanded.  Opinion filed June 3, 1895.

## STATEMENT OF THE CASE.

The action was case by the appellant.

The grounds of action as charged in the declaration and disclosed by the evidence were that appellee moved a frame barn from its former location and placed it upon a lot adjoining, and not more than two feet distant from the dwelling house of the appellant, in which he and his family resided, and there conducted the business of keeping a livery stable; that unwholesome and noxious stenches from the stable permeated appellant's dwelling and loud and offensive noises caused by the stamping, kicking, etc., of the horses issued from the stable during both night and day, etc., whereby appellant and family were deprived in a large degree of the comfortable and wholesome enjoyment of their home.

It was also alleged in the declaration, and evidence was produced tending to support the charge, that the water in appellant's well was polluted and rendered unfit for use by the drainage from large quantities of manure, straw, etc., thrown out of the stable by appellee and left in heaps near the well.

A trial before the court and a jury resulted in a verdict and judgment for the appellee, from which this appeal.

Wm. M. Ward, attorney for appellant, contended that the court manifestly erred in holding that the measure of damages was the difference in the rental value with and without the stable, and so instructing the jury. There is no rule that can be laid down as to the measure of damages for use and occupancy. It must be left to the jury to determine. 5 A. & E. Ency., 38; Randolph v. City of Bloomfield, 77 Iowa, 50.

The facts in this case, which are not contradicted and are clearly established, make a case for which a recovery should be had. If a livery stable under any circumstances is a nuisance *per se*, the defendant's stable is. 13 A. & E. Ency., 395, and notes; 2 Greenleaf (14th Ed.), Sec. 466 and notes; Cooley on Torts (2d Ed.), 713–715; Wahle v. Reinbach, 76 Ill. 322; Cooper v. Randall et al., 53 Ill. 26; Burditt v. Swenson, 67 Am. Dec., 665; Daragan v. Waddill, 49 Am. Dec. 421; Bishop v. Banks, 87 Am. Dec. 197.

Thomas Henshaw, attorney for appellee.

Mr. Justice Boggs delivered the opinion of the Court.

We are constrained to the opinion that the court misconceived the law governing the case and thereby the jury were led to a verdict against the manifest weight of the evidence.

Certain instructions given the jury were so framed as to clearly imply that the appellant could not prevail and recover damages unless the actual amount of such damages had been established by the evidence. In another instruction the jury were advised that unless the appellant "had proven the amount of the damages he had actually sustained he could recover only nominal damages."

In view of the rule of law hereinafter expressed touching the question of proving damages in cases such as the one at bar, the instructions above referred to were wholly misleading and well calculated to produce the erroneous verdict returned by jury.

As to the measure of damages, the court instructed the

jury that "in no event, under the pleading and proof, if you find for the plaintiff, can he recover greater damages for the injury to the use, occupation and enjoyment of his premises than the depreciation of the rental value of such premises."

Where the injury is to physical comfort and results in deprivation of the comfortable enjoyments of a home, the measure of damages is not the depreciation in the rental value of the premises occupied by the plaintiff, but compensation for such physical discomfort, and deprivation of the use and comforts of the home.

The amount in dollars necessary to compensate the plaintiff in such cases is not to be estimated by witness or the "actual amount" thereof established by testimony or calculated by any arithmetical rule.

It must be left to the sound judgment, experience and discretion of the jury to fix the amount in view of the facts of each particular case. Amer. and Eng. Ency. of Law, p. 28; Sedgwick on Damages, 8th Ed., Vol. 1, p. 65; B. P. Rwy. Co. v. 5th Baptist Church, 108 U. S. 317; Randolph v. Town of Bloomfield, 77 Iowa 50.

Under the influence of the same erroneous view of the rule as to the measure of damages and the manner of proof thereof, the court refused to permit the appellant to prove that effluvia from the stable deleteriously affected the health of his wife.

Proof should have been admitted of any fact which would aid the jury in determining whether and to what extent the plaintiff and his family had been deprived of the wholesome and comfortable use of his home by the stenches, noises, etc., from the stable.

The effect of such stenches or noises upon any person who might be in plaintiff's house, whether a member of his family or a mere caller, would tend to enlighten the jury upon the question whether his dwelling was rendered physically uncomfortable as a home and was therefore competent to be proven. Ellis v. Council Bluff R. R., 22 Mo. 131; Lough-bram v. Des Moines, 72 Iowa 382; Pierce v. Wagner, 29 Minn. 355.

It is true the declaration did not aver that odors, etc., from the stable caused illness of plaintiff's wife.

Such an averment would no doubt have been necessary had plaintiff sought to recover special damages because of the illness of his wife, as for instance, moneys expended for medicines, medical treatment, etc., but was not necessary in order to admit proof that his home was rendered physically uncomfortable and unwholesome by the nuisance created by the appellee.

The character of plaintiff's dwelling house, its value, and its rental value before and after the location of the stable near it, were facts proper to be made known to the jury and proper for their consideration, together with every other fact tending to show the plaintiff had been deprived of the comfortable use and enjoyment of his home, in order to enable them to correctly estimate the amount necessary to compensate him for the injury inflicted by the appellee.

But the depreciation in rental value is not the measure of his damages nor was it incumbent upon him to establish by the evidence the " actual amount " of his damages.

The judgment must be and is reversed and the cause remanded.