## Cleveland, C., C. & St. L. Ry. Co. v. Francis M. Pattison.

1. RAILROADS—*Not Relieved from Liability by Legislative Grant.*— The legislative grant authorizing the Cleveland, Cincinnati, Chicago & St. Louis Railway Co. to construct and operate its road does not relieve it from liability to answer in damages for a nuisance, unless such nuisance arises as a necessary and natural result of the proper operation of its road.

2. SAME—*Damages Resulting from Negligent Operation.*—Damages resulting from the negligent operation of a railroad are not presumed to have been taken into account when the right of way was procured, but only such as necessarily result where due and proper care is exercised.

3. MEASURE OF DAMAGES—*Nuisances, Resulting from Improper Operation of Railroads.*—When the injury is to physical comfort, and results in the deprivation of the wholesome and comfortable enjoyment of a home, the measure of damages is compensation for such physical discomfort and deprivation. The amount must be left to the sound judgment, experience and discretion of the jury, in view of the facts of the particular case.

4. NUISANCES—*Assessment of Damages—Not Prospective.*—When a nuisance is temporary in its character the law presumes it will not continue forever, and in actions for damages for the same it is not proper to receive evidence that the property affected thereby has been permanently depreciated in value, and the assessment of damages should be for past and not for prospective damages.

5. SAME—*Damages—Successive Actions.*—The theory of the law is, that the infliction of past damages will cause the abatement of a temporary nuisance. If it does not, successive actions may be maintained, and damages, both compensatory and exemplary, awarded until the wrong is discontinued.

**Trespass on the Case,** for a nuisance. Appeal from the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed November 21, 1896.

## STATEMENT OF THE CASE.

The declaration was in case by appellee, and charged the appellant company maintained a switch in front of and near his dwelling house, and suffered certain of its stock cars, loaded with hogs and cattle, and certain other cars in which stock had been transported, to stand and be upon such side track for a long space of time, etc., and that noxious, offensive and unwholesome smells and odors arose from said animals and from filth and offensive matters in the cars, and from the decaying bodies of dead animals therein, and entered and permeated his dwelling house and rendered his home unhealthy, unwholesome and unfit for habitation, and that the company unnecessarily and negligently permitted its locomotive engines to stand and remain upon said side tracks, emitting noisome, noxious and offensive vapors, fumes, smoke, smell, dust, cinders, etc., which entered his dwelling and rendered it uncomfortable, unwholesome, unhealthy and unfit for habitation. Verdict and judgment for appellee in the sum of $1,500, and the company appealed.

John T. Dye, attorney for appellant; C. S. Conger and R. L. McKinlay, of counsel.

H. S. Tanner and Eads & Eads, attorneys for appellee.

Mr. Justice Boggs delivered the opinion of the Court.

The legislative grant authorizing the company to construct and operate the railroad, had no effect to relieve it from liability to answer in damages for nuisances, unless such nuisance arose as a necessary and natural result of the proper operation of its road. 19 Amer. & Eng. Ency. of Law, 923.

Damages resulting from negligent operation are not presumed to have been taken into account when the right of way was procured, but only such as necessarily and naturally result, though due and proper care be exercised. O. & M. R. R. v. Wachter, 123 Ill. 444.

When the injury is to physical comfort, and results in the deprivation of the wholesome and comfortable enjoyment of a home, the measure of damage is compensation for such physical discomfort and deprivation.

The amount necessary to compensate the plaintiff must be left to the sound judgment, experience and discretion of the jury, in view of the facts of the particular case. Gemp v. Bossham, 60 Ill. App. 84; Wood on Nuisance, 887.

But the court permitted appellee to introduce testimony as to the value of the property before and after the creation of the nuisance, and to show it had greatly depreciated in value. The verdict was largely based upon such evidence and is clearly excessive, if such testimony was not competent.

The alleged nuisances did not effect a permanent change in the property of appellee, and were, within themselves, temporary in character. They were illegal and, the law assumes, will not continue forever.

It was, therefore, not proper to receive evidence that the property had been permanently depreciated in value.

The assessment should have been for past, not perspective damages.

The theory of law is the infliction of past damages will cause the abatement of a temporary nuisance.

If it does not, successive actions may be maintained, and damages, both compensatory and exemplary, awarded until the wrong-doing is discontinued. Schlitz Brewing Co. v. Compton, 142 Ill. 511.

The judgment is reversed and the cause remanded.