## ALICE MILLETT v. MINNESOTA CRUSHED STONE COMPANY.[1]

April 30, 1920.

Nos. 21,678, 21,679.

**Nuisance — operation of quarry without negligence — rights of habitation.**

1. A landowner who has a deposit of limestone on his land may be liable for maintaining a nuisance, though he operates his quarry without negligence. Rights of habitation are superior to the rights of trade and whenever they conflict the latter must yield. Such a business must be conducted in such a manner as not to interfere materially with the health or physical comfort of people living in the neighborhood.

**Same — measure of damages — diminished rental or value of use.**

2. A property owner, whose property is injured by a nuisance, may recover for the property damage sustained. This is generally the diminished rental value, if the property be rented, or the diminished value of the use if the property be used by the owner.

**Recovery of damages by wife when husband owns the land.**

3. Husband and wife cannot have separate actions for damages to property owned by one. This element of damage is recoverable only by the owner. In this action by a wife, the evidence was insufficient to show her ownership of the property during the period for which damages were recovered.

**Recovery for discomfort or illness of owner or member of his family.**

4. Either husband or wife, who owns the homestead, may recover for inconvenience, physical discomfort and illness suffered by such owner or any member of the family resulting from the nuisance. For this purpose the family is treated as a unit, unless the facts be such as to

[1]Reported in 177 N. W. 641.

give rise to a cause of action for personal injury. This element of damage is in addition to the diminished value of the use of the property.

Action in the district court for Hennepin county to recover $4,000 damages for the reasons mentioned in the first paragraph of the opinion. The answer among other matters alleged that the forty-acre tract of land mentioned in the complaint and the tract called the "Kletzin tract" had been and were mainly valuable for the limestone underlying the same; that in the year 1904 defendant began quarrying limestone from the tract and continued to do so until the summer of the year 1916, at which time it began quarrying from the Kletzin tract; that at the time defendant began its quarrying operations there were few houses in the neighborhood; that the region was slightly populated, the land marshy and boggy and the streets hardly passable for vehicles; that the region in the neighborhood of defendant's quarry, including the property of plaintiff, was not and never was of a residential character, and that it had been mainly and almost exclusively given over to quarrying, manufacturing and industrial enterprises. The case was tried before Converse, J., and a jury which returned a verdict for $1,932. From an order denying defendant's motion for a new trial on condition that plaintiff consented to a reduction of the verdict to $1,000, defendant appealed. Reversed.

*John F. Dahl* and *Cohen, Atwater & Shaw,* for appellant.
*A. B. Jackson,* for respondent.

HALLAM, J.

Plaintiff sues to recover damages, extending over a period of six years, from the operation of a stone quarry, a stone crushing plant, and a grinding mill, near her home. It is claimed that because of noise and jar of blasting, the noise and danger of falling rocks, the noise of steam drills and of a steam shovel, and because of smoke and dust, the plant was a nuisance. The jury found for plaintiff. Defendant appeals.

1. The rules governing liability of the defendant are those stated fully in Brede v. Minnesota Crushed Stone Co. 143 Minn. 374, 173 N. W. 805. They need not be repeated at length here. In brief they are, that a landowner who has a deposit of limestone on his land may not quarry as he chooses, but he may be liable for maintaining a nui-

sance in the operation of a quarry and other incidental industries, even though the odors, noise, dust and the like, complained of are ordinary incidents of such a business conducted without negligence; that the rights of habitation are superior to the rights of trade; and that whenever they conflict, the rights of trade must yield; that such a business must be conducted in such a manner as not to offend or interfere materially with the health or ordinary physical comfort of people living in the neighborhood.

2. Defendant contends that the court erred in instructing the jury that the measure of plaintiff's recovery "would be the diminution in the value of the use of the said homestead as a home for the purpose for which such homestead has been used by her; also any personal discomforts or inconveniences which she may have suffered including impairment of her health or injury to her health."

This involves two questions: First, whether plaintiff is entitled to recover for the diminution of the value of the use of the property; and, second, whether recovery for personal discomfort, inconvenience and ill-health, are an additional element of damage.

As to the first proposition: A property owner, whose property is injured by a nuisance may recover for the property damage sustained. This is generally the diminished rental value, if the property be rented, or the diminished value of the use if the property be used by the owner. Pierce v. Wagner, 29 Minn. 355, 13 N. W. 170; Berger v. Minneapolis Gaslight Co. 60 Minn. 296, 62 N. W. 336; Anderson v. Chicago, M. & St. P. Ry. Co. 85 Minn. 337, 88 N. W. 1001; Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 2 Sup. Ct. 719, 27 L. ed. 739.

Diminished rental value and diminished value of the use may be the same. Some decisions state that they are necessarily the same. Alexander v. Bishop, 59 Iowa, 572, 13 N. W. 714. We think they may not be the same.

3. This element of damage is recoverable only by the owner. Prochnow v. Northwestern Iron Co. 156 Wis. 408, 145 N. W. 1098, 1104; Jefferson Fertilizer Co. v. Rich, 182 Ala. 633, 62 South. 40. Husband and wife cannot have separate actions for damage to property owned by one. Where the home is owned by the husband, the wife has well defined rights therein. For example one who commits a trespass by

disturbing the peace and quiet of the home, commits such a wrong and breach of legal duty towards her that she may maintain an action in personal tort, and recover for the consequences of mental suffering caused by the wrongful trespass. Lesch v. Great Northern Ry. Co. 97 Minn. 503, 106 N. W. 955, 7 L.R.A.(N.S.) 93; Watson v. Dilts, 116 Iowa, 249, 89 N. W. 1068, 57 L. R. A. 559, 93 Am. St. 239. But this is not in any sense a recovery for damage to property. A mere guest has been held to have similar rights. Hunt v. Lowell Gaslight Co. 8 Allen, 169, 85 Am. Dec. 697.

In this case the complaint alleged that the premises constituted the homestead of plaintiff's husband and herself and their nine children. There is no allegation of ownership in plaintiff. There is no evidence of ownership in plaintiff save that of plaintiff herself. The property was originally owned by her husband. Plaintiff testified that she and her husband borrowed some money and joined in a deed of the premises as security, and that an agreement was made that, when the loan is paid off, the deed is "to be made over" to plaintiff. There is no evidence as to when this transaction occurred. For this, and perhaps for other reasons as well, the evidence is wholly insufficient to show that plaintiff was the owner of this real estate during the six years for which she was permitted to recover damages. In our opinion the instruction, insofar as it permitted plaintiff to recover the diminished value of the use of the property, was erroneous.

4. This ruling necessitates a reversal, but the question of the right of plaintiff, if she establishes her ownership in the property, to recover the second element of damages mentioned, may arise on another trial, and we deem it proper to consider that question here.

It is well settled that in an action for damages for maintaining a nuisance, recovery may be had for inconvenience, physical discomfort, and illness to the occupant of the property resulting from the nuisance. Pierce v. Wagner, 29 Minn. 355, 13 N. W. 170; 3 Sedgwick, Dam. § 948.

This element of damages is something additional to the element of diminished rental value. Berger v. Minneapolis Gaslight Co. 60 Minn. 296, 62 N. W. 336. Decisions to the contrary, such as Swift v. Broyles,

115 Ga. 885, 42 S. E. 277, 58 L.R.A.390, are out of harmony with our decisions.

We think, too, it is something additional to diminished value of the use, as that term is ordinarily understood. The value of the use is the value not to particular persons, who may be of peculiar susceptibility to injury, or who may be subject to peculiar conditions or situations, but its general value to ordinary persons for the legitimate uses to which it may be adapted, including, in this case, use as a homestead. That value is determined by taking into account the various facts and circumstances which make the use more or less desirable and in determining the extent to which a nuisance may have diminished such value, facts that naturally or reasonably tend to cause discomfort, annoyance or illness may be taken into account. Gempp v. Bassham, 60 Ill. App. 84; Cohen v. Bellenot (Va.) 32 S. E. 455; Emery v. Lowell, 109 Mass. 197. But the actual discomfort, annoyance or illness, which has resulted in damage or injury to the particular occupant involved, is another and distinct element of damage. This distinction is not clearly brought out in the decided cases, but we think it is recognized and it seems to us logical and just. See Illinois Central R. Co. v. Grabill, 50 Ill. 241; 29 Cyc. 1276; Sutherland, Damages, § 1050; Ellis v. Kansas City, St. J. & C. B. R. Co. 63 Mo. 131, 21 Am. Rep. 436; Baltimore & P. R. Co. v. Fifth Baptist Church, 108 U. S. 317, 335, 2 Sup. Ct. 719, 27 L. ed. 739; Daniel v. Fort Worth & Rio Grande Ry. Co. 96 Tex. 327, 72 S. W. 578; Allen v. Boston, 159 Mass. 324, 34 N. E. 519, 38 Am. St. 423. To the extent that Southern Ry. Co. v. Routh, 161 Ky. 196, 170 S. W. 520, is out of harmony with this we do not approve it.

In an action for a private nuisance, affecting injuriously the health and comfort of the occupants of the homestead, the husband and father of the family, if he be the owner, may recover for any discomfort, annoyance or illness suffered by himself or any member of his family resulting from the nuisance. Pierce v. Wagner, 29 Minn. 355, 13 N. W. 170; Anderson v. Chicago, M. & St. P. Ry. Co. 85 Minn. 337, 340, 88 N. W. 1001. It is not permitted to each member of the family to maintain separate actions to recover these elements of injury. Ellis v. Kansas City, St. J. & C. B. R. Co. 63 Mo. 131, 21 Am. Rep. 436.

For this purpose the family is treated as a unit, unless the facts be such as to give rise to a cause of action for personal injury. U. S. Smelting Co. v. Sisam, 191 Fed. 293, 302, 112 C. C. A. 37, 37 L.R.A.(N.S.) 976. This is a practical rule, necessary in order to avoid multiplicity of lawsuits.

If the wife and mother owns the property, we are of the opinion, notwithstanding a remark made arguendo in Friburk v. Standard Oil Co. 66 Minn. 277, 68 N. W. 1090, that she should be allowed the same right of recovery as the husband would have had had he been the owner. This is not on the ground that in such case she is to be regarded as titular head of the family, but it seems to us to be the most practicable rule, and it avoids the necessity of more than one action.

Order reversed.

### ON MOTION FOR REARGUMENT.

On September 10, 1920, the following opinion was filed:

HALLAM, J.

Perhaps some of the language used in the two closing paragraphs of the subdivision 4 of the opinion was not sufficiently definite. In holding that the owner of property may recover damages predicated on "discomfort, annoyance or illness suffered by himself or any member of his family resulting from the nuisance," we followed the language used in Pierce v. Wagner, 29 Minn. 355, 13 N. W. 170, and Anderson v. Chicago, M. & St. P. Ry. Co. 85 Minn. 337, 88 N. W. 1001, on that point. The language of the opinion in those cases is general as is ours in this case.

Obviously it was not the purpose of the court, in those cases, to vest in one member of a family the right to enforce a personal injury demand accruing to another. In the former opinion in this case we made it clear that we have no such conception of the law or of the meaning of those decisions. Perhaps it was intended that the discomforts and inconveniences suffered by other members of the family, not amounting to "personal injury" might be taken into account in estimating the damage of the plaintiff, though these discomforts and inconveniences caused no damage to him.

In U. S. Smelting Co. v. Sisam, 191 Fed. 293, 112 C. C. A. 37, 37 L.R.A.(N.S.) 976, cited in our opinion, the circuit court of appeals of this circuit, in an opinion written by Judge Sanborn, takes the view

that the owner of a residence which is rendered inconvenient, uncomfortable and unhealthy, as a home, by a nuisance, may prove and recover the damages he suffers *himself* from the discomfort and sickness thereby inflicted upon his wife and other members of his family who live with him in his residence, although he may not, and they alone may, maintain the cause of action for the direct personal injury to themselves.

The court said that the plaintiff's cause of action is for the direct injury which the nuisance inflicts upon him by rendering his home inconvenient and uncomfortable and injurious to the other members of his family, who were living with him. It is an injury to him that the air was so polluted by noxious fumes and gasses that it made his wife suffocating and sick, and his home, which he established for the comfort of himself, his wife and family, an abode of misery.

Judge Sanborn, in the Sisam case, cites the same cases cited by the court in Pierce v. Wagner. While the two decisions are not identical in principle, we are of the opinion that in practical result they will not fall far apart. The rule as stated by Judge Sanborn in the Sisam case, as we have here summarized it, is definite and it appears to us as the best practicable, workable rule, and we adopt it, and hold that, to the extent that the action is by the owner-occupant for damages to property, the damages should be so limited. The rules governing the right to relief in demands for personal injury are so well settled by numerous decisions of this court that it seems unnecessary to reiterate them.

Motion for reargument denied.