PATRICK J. O'MALLEY v. DANIEL MACKEN AND OTHERS.[1]

January 9, 1931.

No. 28,243.

[1]Reported in 234 N. W. 323.

*Christensen & Ronken,* for appellant.
*James T. Spillane* and *Granger & Blethen,* for respondents.

LORING, J.

This was a suit to enjoin the establishment of a "funeral home" in a house on the southwest corner of block 12 in original plat of the city of Rochester. The location of the proposed undertaking establishment is at the intersection of Third avenue southwest and Fourth street southwest in that city. It is claimed by the plaintiff that the establishment will be a private nuisance. The court found as facts:

"That defendants' said establishment will be so arranged and conducted that there will be no gruesome or offensive sights visible from the outside of said building. Bodies will be taken to and from said premises in a closed hearse, which will drive into a garage connected with the building on the north side, so that neither the body nor the coffin will be exposed to public view; except that at the time of a funeral the coffin will be carried out of the front door in the usual manner. There will be no sign or advertisement on or about said premises, except a sign seven inches wide with five inch lettering, bearing the words 'Dan Macken Company,' and said sign will have no artificial illumination. There will be no offensive odors from said premises.

"That the locality in which plaintiff's and defendants' said premises are situated is no longer a strictly residential district, but is devoted to business and institutional purposes as well as to residential use. That it lies very near to the closely built up business section of the city, and that the intervening territory is devoted chiefly to business and institutional uses. That suitable locations for an undertaking establishment are not readily available in or nearer to the business district.

"That said undertaking establishment, while conducted as aforesaid, cannot be deemed a nuisance in said locality."

The court found as a conclusion of law that the plaintiff was not entitled to any relief and ordered judgment for the defendants. The plaintiff made a motion for a new trial, and from the order denying that motion he appealed to this court.

The appellant contends that an undertaking establishment in a residential district is a nuisance as a matter of law, and that the evidence conclusively shows that the district in which the proposed establishment is to be operated is as a matter of law a strictly residential district.

■ The district in question is not many blocks from the Mayo clinic in Rochester, and the block in which the defendant proposes to establish his business is largely given over to rooming houses. A church is on the northwest corner of the block, a hotel on the northeast corner, and with one or two possible exceptions the rest of the block consists of rooming houses, one of which is run by the plaintiff and adjoins the proposed funeral home. There is another church directly across the street to the south from the proposed establishment. Block 11 immediately to the east is almost entirely devoted to business purposes. On the other hand the territory to the west and south is exclusively residential. Upon the whole record we think that the trial court was justified in finding that the district involved is not exclusively and strictly a residential district. While the presence of rooming houses in an otherwise strictly residential neighborhood might not indicate a transition in the character of use, their presence on the border of a business section in a growing city such as Rochester is conceded to be justifies the trial court's finding that the district is in a state of transition and that it can no longer be said to be strictly residential.

However that may be, an undertaking establishment is not a nuisance per se, and whether or not it is a nuisance depends upon the particular circumstances and the facts involved in the case. Meagher v. Kessler, 147 Minn. 182, 179 N. W. 732. That case was one in which the defendant sought to establish his undertaking

business, in violation of an ordinance, on Summit avenue in St. Paul, which is generally conceded to be one of the finest residential streets in America. In the case at bar no ordinance is involved, and apparently the city of Rochester has not provided a zone within which such establishments may not be operated. The trial court has found that there will be no offensive odors in connection with the business; that there will be no gruesome or offensive sights visible from the outside of the building; and that bodies will be taken to and from the premises in a closed vehicle which will drive into a garage connected with the building and that neither the body nor the coffin will be exposed to public view except that at the time of a funeral the coffin will be carried out of the front door in the usual manner. It is apparent then that the only elements which are here claimed or may be claimed to constitute a nuisance consist of sentimental repugnance to the business and consequent depreciation of the value of the plaintiff's property. It therefore becomes a question of fact for the trial court to determine as to whether or not in the particular surroundings such a business will constitute a nuisance that ought to be enjoined.

In the case of L. D. Pearson & Son v. Bonnie, 209 Ky. 307, 272 S. W. 375, 43 A. L. R. 1166, an injunction was sought to restrain the operation of an undertaking establishment in the residential portion of the city of Louisville. The trial court granted the injunction; but the Kentucky court of appeals reversed the trial court and held that, where the only injury is depreciation of the value of neighboring property and the injury to the feelings of occupants because of sentimental repugnance to the undertaking business, an injunction should not be granted. We need not go so far as the Kentucky court did, for in the case at bar the trial court has found no nuisance. Under ordinary circumstances that is a question of fact, and we are of the opinion that it is in this case.

G. S. 1923 (2 Mason, 1927) § 9580, defines a nuisance as "anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with comfortable enjoyment of life or property." In this case the court

finds against any offensive noises, sights, or smells, which leaves the sole element of sentimental repugnance and depreciation of the value as the basis on which the plaintiff can claim a cause of action as a nuisance. We do not think that those elements in the district in question bring this case within the definition of the statute.

The owners of the adjacent property were not permitted to give their opinions as to what would be the value of their property should defendants' plans be carried out. This was without prejudice because we assume depreciation in the value of their property and the theory of comparative injury does not prevail in this state. Brede v. Minnesota C. S. Co. 143 Minn. 374, 173 N. W. 805, 6 A. L. R. 1092; Millett v. Minnesota C. S. Co. 145 Minn. 475, 177 N. W. 641, 179 N. W. 682.

Affirmed.

