## PECK v. NEWBURGH LIGHT, HEAT & POWER CO.

(Supreme Court, Appellate Division, Second Department.    April 30, 1909.)

**1. NUISANCE (§ 3*)—PRIVATE NUISANCE—UNREASONABLE USE OF PREMISES.**

Where a person selected his home adjoining an electric light and power plant which had been in operation for a number of years, the operation of the plant would not constitute a private nuisance as to him, unless its use for the business carried on was unreasonable.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 4; Dec. Dig. § 3.*]

**2. NUISANCE (§ 3*)—NOISE—EXTENT OF INJURY.**

Noise, to constitute a nuisance, must be such as materially to interfere with and impair the ordinary comfort of existence on the part of ordinary people, and noise from engines in a power plant, which was not a bar to conversation held even in close vicinity to the engines, was not a nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 26, 28; Dec. Dig. § 3.*]

**3. NUISANCE (§ 4*)—APPLICATION OF MAXIM, "SIC UTERE," ETC.**

The maxim, "Sic utere," etc., as applied to nuisances, does not mean that one must not annoy, but that one must not injure.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 26; Dec. Dig. § 4.*]

**4. NUISANCE (§ 3*)—UNREASONABLE USE OF PREMISES.**

The unreasonable use that will constitute a nuisance cannot be declared as by a hard and fast rule, but depends upon the locality.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 4; Dec. Dig. § 3.*]

**5. NUISANCE (§ 3*)—ACTS CONSTITUTING—VIBRATIONS.**

Vibrations may constitute a nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 23; Dec. Dig. § 3.*]

**6. NUISANCE (§ 37*)—ACTIONS—OPPORTUNITY TO CORRECT CONDITION.**

Where it appeared that the vibration of engines in a power plant, which constituted a nuisance, could be corrected by putting proper foundations under them, the owner should be allowed a reasonable time in which to make the correction.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 96; Dec. Dig. § 37.*]

Appeal from Trial Term, Orange County.

Action by Abel Peck against the Newburgh Light, Heat & Power Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted, unless plaintiff stipulates to modify judgment.

Argued before WOODWARD, JENKS, RICH, and MILLER, JJ.

Arthur F. Gotthold (John L. Wilkie, on the brief), for appellant.

Graham Witschief, for respondent.

JENKS, J.    This case presents a question of a private nuisance. The plaintiff complained that, incidental to the defendant's lawful business of supplying electric light, electric power, and heat to the public, there were specific features which affected materially his peace and comfort and depreciated the value of his property. After hearing much evidence, the learned referee found that ashes, soot, cinders, and steam vapor emitted from the defendant's plant were precipitated

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from time to time upon and in the neighborhood of the plant, and, when the wind was right, upon the plaintiff's dwelling and premises; that frequently at irregular intervals steam was discharged with a loud noise (such as proceeds from a locomotive blowing off steam) for several minutes, so as to interfere with the repose of the plaintiff and his family at night, and with their conversation; that bright flashes of light came frequently from the plant, illuminating the neighborhood, accompanied by a loud noise; that jars and vibrations, caused by the operation of the defendant's machinery, shook plaintiff's dwelling and its doors and windows (and caused objects on the shelves and walls therein to vibrate and to rattle), sometimes to a greater extent than others, sometimes for several hours without cessation, sometimes for shorter intervals, so that appliances placed in the said windows to stop the vibration and rattling were ineffective, and so that objects on the walls were misplaced, and the repose of the plaintiff and his family was interfered with; and that these jars and vibrations were greater at night than in the day. The learned referee, as a conclusion of law, determined that these acts of the defendant constituted a nuisance, and that the plaintiff was entitled to an injunction—

"restraining the defendant, from and after 60 days from notice of the entry thereof, from so using its plant and premises, and its machinery therein and thereon, located on Montgomery street, in the city of Newburgh, Orange county, New York, and from so conducting its business thereon, and from so permitting the said premises and buildings to be used, and its business to be thereon conducted, that loud and disturbing noises proceed therefrom, that ashes, soot, and cinders are emitted therefrom and deposited in and upon plaintiff's dwelling and premises, that steam vapor or spray is emitted therefrom and deposited in and about the neighborhood of and upon plaintiff's dwelling, and that plaintiff's dwelling and articles and objects therein contained are caused to jar and vibrate, to the extent, as to any or all of said particulars, of producing material annoyance to plaintiff, and of materially and substantially interfering with the quiet and peaceful enjoyment and occupancy of said premises of said plaintiff; that said plaintiff is also entitled to judgment against said defendant for the sum of $310, rental damages sustained by plaintiff from the 12th day of November, 1900, to the 13th day of January, 1906, besides the costs and disbursements of this action."

Although I think that the plaintiff is not barred by any prescriptive rights of the defendant, for the reason that the proof does not show that the plant, either as to its present extent or in respect to the incidental features of its working complained of, had existed for a sufficient period of time (Campbell v. Seaman, 63 N. Y. 568, 20 Am. Rep. 567; American Bank Note Co. v. N. Y. El. R. R. Co., 129 N. Y. 252, 29 N. E. 302), yet, but for the judgment of Ackerman v. True, 175 N. Y. 353, 67 N. E. 629, I would advise that any injunctive relief to the plaintiff be denied, for the reasons that he came "to the nuisance" and thereafter suffered this business not only to be conducted for a number of years, but that he must have seen during that period the defendant make large outlays of money upon this permanent plant, all without any complaint or objection to the features incident to the working of the plant of which he now complains. The question is whether the defendant's use of its premises for its business was reasonable. McCarty v. Natural Carbonic Gas

Co., 189 N. Y. 40, 50, 81 N. E. 549, 551, 13 L. R. A. (N. S.) 465. In that case Vann, J., for the court, says:

"The use made of property may be unpleasant, unsightly, or, to some extent, annoying and disagreeable to the occupants of neighboring property, without creating a nuisance. When, however, it not only interferes materially with the physical comfort of persons in their own homes, but also causes some financial injury to the owner, it constitutes a nuisance."

I think that the evidence does not establish that the "noise, ashes, soot, cinders, steam vapor, and steam escape and flashes of light" constitute a nuisance as to the plaintiff. That there was once considerable noise I do not doubt. But the evidence convinces me that the offensive part of it has ceased, due to the improvements made from time to time in installation or in the working of the plant, and it does not show that at the time of the trial there was noise other than that necessarily and usually incident to the proper working of machinery. Indeed, there is considerable testimony that such noise is not a bar to conversation held even in close vicinity to the engines. This is not sufficient to constitute a nuisance. Hughes v. General Electric Light & Power Co., 107 Ky. 485, 54 S. W. 723; McCann v. Strang, 97 Wis. 551, 72 N. W. 1117. The rule is that the "noise must be such as materially to interfere with and impair the ordinary comfort of existence on the part of ordinary people." Joyce on Nuisances, § 182, citing authorities. See, too, Wood on Nuisances, § 617; Froelicher v. Oswald Iron Works, 111 La. 705, 35 South. 821, 64 L. R. A. 228, and cases cited. The evidence does not establish that there is any soot. The defendant (save in the single instance of a crisis) burns anthracite, which does not produce soot. There is soot in the neighborhood, but several of the defendant's witnesses testify that it is from the West Shore Railroad. The great preponderance of the evidence is that of the ashes (which from anthracite can be but slight) but a small residuum escapes from the premises of the defendant, that the escape of steam is slight, and that the flashes of light, being accidental, not incidental, are infrequent.

When the plaintiff selected his home within the sounds of a city, he could not expect the silence of the country. He could not expect that the circumambient air would be altogether free from the smoke and the other pollutions from the houses, shops or factories. If, like Lord Byron, he found "the hum of cities horrible," nevertheless he had to recognize that he could not either quiet it or purify the air by halting men's business within the radius of his absolute comfort. When, as in this case, he came to this quarter of the town, where this business had long been maintained, he was bound to recognize the conditions and the incidents thereof. The maxim, "Sic utere," etc., as applied to such a case, does not mean that you must not annoy, but that you must not injure. The unreasonable use that constitutes a nuisance cannot be declared as by a hard and fast rule. Chief Judge Cullen well observes that:

"Such an emission of smoke as would constitute a nuisance in the city of New York might afford no just ground for complaint in Pittsburg." Bates v. Holbrook, 171 N. Y. 475, 64 N. E. 181, 185.

Or, as Lord Cranworth said:

"You must look at it, not with a view to the question whether, abstractedly, that quantity of smoke was a nuisance, but whether it was a nuisance to a person living in the town of Shields." St. Helen's Smelting Co. v. Tipping, 11 H. L. Cas. 642.

I think that the only finding of a nuisance which we should not disturb, under the rule declared in Lowery v. Erskine, 113 N. Y. 52, 20 N. E. 588 and like cases, is that of vibrations. Vibrations may constitute a nuisance. McKeon v. See, 51 N. Y. 300, 10 Am. Rep. 659; Rosenheimer v. Standard Gaslight Co., 36 App. Div. 1, 55 N. Y. Supp. 192; Shelfer v. City of London Electric Lighting Co., L. R. 1 Ch. Div. 287; Knight v. Isle of Wight Electric Light & Power Co., 73 L. J. N. S. Ch. Div. 299. But the evidence of the experts is that the vibrations in this case can be corrected, in that vibrations from the working of such machinery depend upon the foundations for the engines, and one can stop them, no matter how severe, by putting proper foundation under the engines. If this correction is possible, so that this feature of nuisance will cease, then the defendant should have an opportunity for such correction, in accord with our views expressed in Saal v. South Brooklyn Railway Co., 122 App. Div. 364-372, 373, 106 N. Y. Supp. 996, and the authority there cited.

The plaintiff has recovered money damages. I do not see how we can in any event affirm such part of the judgment. The questions which elicited the expert opinions as to the damage to the premises embraced those features of the defendant's business which I think did not at the time of trial constitute an unreasonable use of the premises. On the other hand, I do not presume to say that during some and an earlier part of the period those features as they then existed might not have constituted such an unreasonable use. If the money judgment represented the actual diminution in rental value by reason of the defendant's acts which constituted a nuisance, then there might be no difficulty. Pritchard v. Edison Electric Illuminating Co., 179 N. Y. 368, 72 N. E. 243. I advise that, if the plaintiff stipulate to forego the damages as found, the judgment be modified, so as to provide, first, a reasonable time within which the defendant may correct or arrest the vibrations, so as not to injure materially the comfort and the property of the plaintiff, and that it be otherwise modified in accord with this opinion; otherwise, I advise that the judgment be reversed, and a new trial be granted, costs to abide the final award of costs.

Judgment reversed, and new trial granted, costs to abide the final award of costs, unless within 20 days the plaintiff stipulate to modify the judgment in accordance with the opinion of JENKS, J., in which event the judgment, as modified, is affirmed, without costs. All concur.