[No. 11587.    Department Two.    February 28, 1914.]

JOHN CRAWFORD et al., *Respondents*, v. CENTRAL STEAM LAUNDRY, *Appellant*.[1]

NUISANCE — PRIVATE NUISANCE — LAUNDRY — EVIDENCE — SUFFICIENCY.    The abatement of a laundry in a residence section of a city, as a private nuisance, is not warranted, where the laundry had been operated at the location in question for twenty years without objection by the city authorities, the ten complaining residents were not similarly affected, some objecting to odors, others to smoke and soot, others to loss in rental values, while other residents in the same neighborhood testified that they suffered no inconvenience and there was evidence that the premises were in a sanitary condition, and that the falling off of rentals was due to general reduction in rental values; since the enjoyment of one's premises must be sensibly diminished by a private nuisance, and it is not enough that the business shocks the tastes or diminishes the rental values.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered January 18, 1913, upon findings in favor of the plaintiffs, in an action to abate a nuisance. Reversed.

*J. W. A. Nichols*, for appellant.

*Walter M. Harvey*, for respondents.

[1]Reported in 139 Pac. 56.

MORRIS, J.—Appellant operates a steam laundry, at 407, South J street, in the city of Tacoma. Respondents own or occupy property in the vicinity of the laundry, and sought in this action to enjoin its operation as a nuisance. The lower court handed down a decree declaring a nuisance and ordering its abatement within ninety days, from which this appeal is taken.

Appellant suggests several reasons in law why the decree should be reversed. We prefer, however, to review the question as one of fact only. Respondents are ten in number, and their testimony is to the effect that the operation of the laundry is offensive and detrimental because of noises, odors, smoke, and soot. All of the respondents are not similarly affected. Some complain chiefly of the offensive odors; others of the smoke and soot as blowing through their windows and doors when open, interfering with the enjoyment of their respective homes; others base their main objection upon the falling off of the rental value of their property which they ascribe to the presence of the laundry; while some consider the laundry premises a menace to the health of the community. Other residents in the same neighborhood, some of whom are nearer to the laundry than any of the respondents, testify to not being affected by any of the things complained of by respondents, and as suffering no inconvenience because of the presence or operation of the laundry.

Diagonally across the street from the laundry is the Tacoma General Hospital. No complaint is made on behalf of the hospital. On the contrary, representatives of the hospital testify that they have no complaint to make, and that no complaint has been brought to their attention by patients or inmates of the hospital because of any of the things complained of by respondents. Mr. Frank D. Nash, an attorney of Tacoma, was produced as a witness for appellant, and testified that, for two weeks, he was a patient at the hospital and occupied a room on the south side, facing the laundry; that he suffered no inconvenience because of the laundry and did

not notice any of the things complained of by respondents. The health officer of the city made an examination of the laundry premises, and testified that the premises are in a sanitary condition and there is nothing about them that would be detrimental to the public health. Real estate men testified that, upon the scale of six, the neighborhood would be classed as number three. There is also testimony that, in the time complained of by some of the respondents as suffering from a falling off in rentals which they attribute to the presence of the laundry, there has been a general reduction in rental values throughout the city.

We are inclined to the opinion that, upon these facts, the decree should be reversed. The precise degree of discomfort that must be produced to constitute a lawful business a nuisance because of the things complained of by respondents cannot be definitely stated. No fixed rule can be given that will be applicable to all cases. Each case must therefore depend largely upon its own facts. In so far as a general rule can be formulated, the enjoyment of one's premises must be sensibly diminished, either by actual tangible injury to the property itself or by the promotion of such physical discomforts as detract sensibly from the ordinary enjoyment of life. It is not enough that the business sought to be enjoined is productive of inconvenience, or shocks the taste, or diminishes the value of property in the vicinity, or causes a reduction in rentals. Every person has a right to do with his own property as he sees fit so long as he does not invade the rights of his neighbor unreasonably, judged by the ordinary standards of life, according to the notions and habits of people of ordinary sensibilities and simple tastes. 1 Wood, Nuisances (3d ed.), § 505; *Tuttle v. Church*, 53 Fed. 422.

Within these rules, we think the evidence was insufficient to sustain the decree. Residents of cities must necessarily submit to some inconveniences from the noise, smoke, and smells of trades and industries carried on therein, and the courts cannot abate every such trade or industry as a nuisance

because it is offensive to some of the residents and property owners within its immediate vicinity. That smoke, soot, and offensive odors may constitute such a nuisance as to justify the courts in abating it will not be denied, but it does not seem to us, as we read this record, that we have such a case before us. The premises in question have been occupied as a laundry for twenty years and, so far as we know, no action, either on the part of the municipality or individual residents, has been taken seeking its removal or abatement as a nuisance, although it appears that some of these respondents have . ineffectually sought the aid of the municipal authorities in their endeavor to rid the community of this laundry. We shall not attempt to assume any reason for such refusal to act on the part of the city, although we may refer to the law as found in Rem. & Bal. Code, § 7507, subds. 22 and 31 (P. C. 77 § 83), giving to cities of the first class power to control the location of all trades and occupations offensive to the senses or deleterious to the public health, and to declare what shall be a nuisance, and to abate the same.

Upon the merits, we think respondents have failed to show sufficient cause for the decree complained of, and the judgment is reversed.

Crow, C. J., Mount, Fullerton, and Parker, JJ., concur.