[No. 21832. Department Two. July 29, 1929.]

LEVI TARR, *Appellant,* v. HOPEWELL COMMUNITY CLUB,
*Respondent.*[1]

*R. W. Greene,* for appellant.

*Bixby & Neal (George Downer,* of counsel), for respondent.

PARKER, J.—The plaintiff, Tarr, asks that the community hall belonging to, and maintained by, the defendant community club, or rather the manner of its use, be adjudged to be a nuisance and its use enjoined. Trial upon the merits in the superior court for Whatcom county resulted in denial of the relief prayed for, from which Tarr has appealed to this court.

Respondent is an incorporated rural community club. It was not organized for profit in any commercial sense. Its purposes and powers specified in its articles of incorporation are as follows:

"This corporation is formed for social, charitable, educational, philanthropic, legislative, home economics, amusement, musical, literary, scientific, medical and

[1]Reported in 279 Pac. 594.

mutual general betterment and advancement. . . . "This corporation may hold real and personal property, hire, erect, or purchase suitable buildings for its accommodation and to carry out its purposes, . . ."

During a period of some five years past, respondent has owned and used, strictly within its purposes and powers above enumerated, a community hall at a central point in a prosperous rural community in Whatcom county. This location was chosen because of its being a central location, it being near the community public school house. Respondent's members are residents of the community, residing within a radius of a few miles of the hall and school house. Appellant owns and lives upon a farm immediately across the public highway from the hall, his dwelling house being about 160 feet from the hall. He complains that the night meetings at the hall, which are quite frequent in their holdings, are accompanied by much noise of a very annoying character, particularly at the termination of those meetings, in the starting of a large number of automobiles, accompanied by loud talking and calling from one car to another by the occupants thereof, and the blowing of automobile horns, such noise and confusion being also accompanied, to an enhanced degree in its annoying character, by drinking of intoxicating liquor when public dances are held, the holding of which dances occur about once each month.

There is no evidence of any boisterous or disorderly conduct having occurred at any time within the hall or of any drinking of intoxicating liquor therein; nor is there any evidence that any officer or member of respondent ever in the least sanctioned any disorderly conduct or the possession or drinking of any intoxicating liquor in or near the hall. Indeed, the evidence is convincing that they have diligently put forth efforts to prevent any such conduct, going to the extent of hav-

ing a deputy sheriff present to that end at the times when public dances were held. At those dances, an admission fee was charged for the purpose of raising funds to aid in paying the expenses of the club.

The evidence does show that some drinking of intoxicating liquor from bottles was indulged in outside the hall by some persons, other than members of respondent, coming to those dances, and this probably rendered the conduct of such persons more boisterous and annoying outside the hall, particularly when leaving in their automobiles at late hours of the night, than such conduct would have been in the absence of such drinking. But, as we have noticed, neither the officers nor members of respondent in the least sanctioned or encouraged any such conduct. On the contrary, they diligently sought to prevent such conduct. The evidence rather convincingly shows that the noise and confusion incident to the departing of attendants at the dances and other night meetings at the hall lasted but a few moments at the conclusion of such meeting, and that there was but little noise of an annoying character at other times.

Appellant is of an eccentric disposition, and, we think, is inclined to entertain an exaggerated view of the annoying character of what occurred incident to the holding of the night meetings and dances at the hall. We do not mean to suggest that, because of his eccentric disposition, he is not entitled to all the protection that the law gives to any citizen. This is mentioned only as being worthy of consideration in determining whether or not the facts of the case furnish appellant legal cause for the relief he seeks.

Our review of the somewhat voluminous evidence, wherein we find it not an easy task to separate the wheat from the chaff, convinces us that we would not be warranted in disturbing the conclusion reached

by the trial court. Each case of this nature is, of necessity, determinable in the light of its own peculiar facts, as was well said by Judge Morris, speaking for this court, in *Crawford v. Central Steam Laundry*, 78 Wash. 355, 139 Pac. 56:

"The precise degree of discomfort that must be produced to constitute a lawful business a nuisance because of the things complained of by respondents cannot be definitely stated. No fixed rule can be given that will be applicable to all cases. Each case must therefore depend largely upon its own facts. In so far as a general rule can be formulated, the enjoyment of one's premises must be sensibly diminished, either by actual tangible injury to the property itself or by the promotion of such physical discomforts as detract sensibly from the ordinary enjoyment of life. It is not enough that the business sought to be enjoined is productive of inconvenience, or shocks the taste, or diminishes the value of property in the vicinity, or causes a reduction in rentals. Every person has a right to do with his own property as he sees fit so long as he does not invade the rights of his neighbor unreasonably, judged by the ordinary standards of life, according to the notions and habits of people of ordinary sensibilities and simple tastes. 1 Wood, Nuisances (3d ed.), . . ."

See, also, 46 C. J. 653.

The judgment is affirmed.

MILLARD, MAIN, BEALS, and FRENCH, JJ., concur.