## B. H. HELLER AND ANOTHER v. AMERICAN RANGE CORPORATION.[1]

January 9, 1931.

No. 28,221.

*W. F. Odell* and *Joseph J. Moriarty,* for appellant.
*Tifft & Youngdahl,* for respondents.

LORING, J.

This was an action to abate a nuisance. The trial court found in favor of the plaintiff. Defendant made a motion for a new trial, which was denied, and it appealed from the order denying the motion.

At the city of Shakopee the defendant owns and operates a stove factory and in connection therewith several machines for the purpose of enameling parts. The enameling is done with a gun some-

[1]Reported in 234 N. W. 316.

thing after the manner that duco or lacquer is now applied to automobile bodies, except that in connection with the enameling process an electric fan is used for the purpose of blowing surplus dust into pipes which project through the roof of the enameling plant. The plaintiffs are the owners of residence property just across a vacated street from the enameling plant of the defendant, and they claim that the dust, which contains lead oxide, blows onto their premises and into their house and is injurious to the health of the occupants as well as a great discomfort to them. They also claim that the dust impairs and retards the growth of grass and other vegetation about their premises.

The trial court has found in favor of the plaintiffs, going into considerable detail in its findings of fact as to the manner in which the enameling plant is operated and particularly the way in which the dust which escapes from the plant and onto the plaintiffs' premises constitutes a nuisance. Based upon these findings it ordered judgment against the defendant perpetually and permanently enjoining and restraining said defendant, its agents, and servants, from operating this enameling plant after 30 days from the making of the order unless defendant confines the enamel dust within its premises. It was also found that the plaintiffs had suffered $150 in damages on account of the past operation of the enameling plant.

It appears that the defendant has a heavy investment in its stove manufacturing plant and that it has rather extensive holdings of real estate in the vicinity of its factory.

The defendant contends that the evidence does not support the findings and conclusion that an abatable nuisance exists; and it also contends that, even if such findings and conclusion are warranted, the trial court should have defined the appliances which might be installed by defendant to obviate the necessity of closing its enameling plant.

We are of the opinion that the evidence sustains the court's findings that the dust from the enameling plant contains lead oxide and that such dust is thrown upon the plaintiffs' premises in such quantities as to interfere with the comfort, health, and enjoyment of the plaintiffs' property.

G. S. 1923 (2 Mason, 1927) § 9580, defines a nuisance as "anything which is injurious to health, or indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." Within this definition we think the record in the case at bar presented a question of fact as to the existence of a nuisance. It may be a hardship on the defendant to provide some contrivance that will confine the dust within its premises; but the record shows that other manufacturing plants are equipped with devices which accomplish this purpose, and from the general description of such devices contained in the record it would appear that the trial court's findings that such a device can be installed by the defendant without prohibitive expense is justified.

The evidence supports the court's findings that the defendant maintains such a nuisance as seriously interferes with the plaintiffs' health, comfort, and enjoyment of property, and that being the case, the superior rights of habitation over business or trade rights justify the relief granted by the trial court. Brede v. Minnesota C. S. Co. 143 Minn. 374, 173 N. W. 805, 6 A. L. R. 1092; Millett v. Minnesota C. S. Co. 145 Minn. 475, 177 N. W. 641, 179 N. W. 682; Roukovina v. Island F. C. Co. 160 Minn. 335, 200 N. W. 350, 38 A. L. R. 1502. These cases contain a full discussion of the law involved here, and it would serve no useful purpose to reiterate the views there announced. Within the principles there set out, this record presents a question of fact, which has been determined by the trial court.

We do not believe that it is necessary for the trial court to define the exact character of the contrivance which it would be necessary for the defendant to install in order to prevent the dust from affecting the plaintiffs. It was in the defendant's interest to give it a free hand in that regard. It was enough for the court to find that such contrivances existed; and, even if that were not the case, if it were obvious that one could be readily devised for that purpose, it would be sufficient. At any rate the plaintiffs' right of habitation is superior to the right of the defendant to pollute the air with dust of the kind here involved.

The order appealed from is affirmed.