THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CUNEO EASTERN PRESS, INC., Appellant.

(Argued June 5, 1931; decided July 15, 1931.)

*Carroll G. Walter* for appellant. The evidence fails to establish the crime of maintaining a public nuisance. (*People* v. *Rubenfeld*, 254 N. Y. 245.)

*William F. X. Geoghan, District Attorney* (*George F. Palmer, Jr.*, of counsel), for respondent. The evidence showing that a public nuisance was being maintained at the premises in question was more than sufficient to justify the conviction herein. (*People* v. *Cooper*, 200 App. Div. 413; *Butterfield* v. *Klaber*, 52 How. Pr. 255; *Booth* v. *O. T. R. R. Co.*, 140 N. Y. 267; *People* v. *Rubenfeld*, 254 N. Y. 245; *People* v. *Taylor*, 138 N. Y. 398; *People* v. *Shea*, 147 N. Y. 78; *People* v. *Katz*, 154 App. Div. 44; 209 N. Y. 311; *People* v. *Egnor*, 175 N. Y. 419; *People* v. *Rodawald*, 177 N. Y. 408; *People* v. *Long*, 150 App. Div. 500; 206 N. Y. 693.)

*Per Curiam.* In view of the character of the neighborhood and the manner in which the defendant's business was conducted, we think the evidence is insufficient to sustain the conclusion that what was done by the defendant amounted to a public nuisance, irrespective of any provisions of the Zoning Resolution.

The judgment of the Appellate Division and that of the Court of Special Sessions should be reversed and the information dismissed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.