## VILLAGE OF WADENA v. C. I. FOLKESTAD AND OTHERS.[1]

March 29, 1935.

No. 30,075.

[1]Reported in 260 N. W. 221.

*Joseph A. Quinn,* for appellants.
*Mark & Barron,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action to abate a public nuisance brought by the village of Wadena, Minnesota, against the several defendants herein. Defendant C. I. Folkestad is the owner of certain property in Wadena on which is situated a rather large building. This is rented to the defendant Schmidt Truck Line and to defendant Janke Truck Line for use by them as a truck terminal, warehouse, and depot. These premises are located about a block and one-half off the main street of Wadena and on a cross street which runs directly from this main business street to the Great Northern railroad passenger and freight depot. The square block in which the premises are located is entirely residential property. However, within a block or so of the premises is a large public garage, a coöperative creamery, a furniture store and funeral parlor, and another truck terminal or depot. An old residence made into a photograph gallery is situated directly across the street. A large warehouse used by the Gamble-Robinson Company is also on the same street and within a block of this depot. The building here involved, before it was leased to defendant trucking companies, had been used as a creamery, as a paint shop, and as a blacksmith shop. The depot is, in short, located in that twilight zone which exists in every city and which is neither residential nor business district but is partially both.

The city of Wadena in this action claims that the use of these premises constitutes a public nuisance in that defendants annoy, injure, and endanger the safety, health, comfort, and repose of a considerable number of residents of the village. The trial court found in accordance with this contention and permanently enjoined defendants from operating and maintaining a truck depot on these premises. From the order denying their motion for new trial defendants appeal. Two questions are presented:

(1) Does the village lack authority to bring an action such as this because of 1 Mason Minn. St. 1927, § 5015-4, which gives the railroad and warehouse commission authority to require the maintenance of suitable depots in cities and villages?

(2) Does the maintenance and operation of this depot, so situated, constitute a nuisance?

■ It is argued that 1 Mason Minn. St. 1927, § 5015-4, which gives the railroad and warehouse commission authority to require auto transportation companies to maintain suitable depots in cities and villages, is exclusive and ousts any city or village of jurisdiction to regulate such depots in any manner. This is without merit. Any city or village has the right, under its police power, to enjoin the maintenance and operation of any depot if the same is so maintained or operated as to constitute a public nuisance. The railroad and warehouse commission has power to require proper construction of the depot and the furnishing thereof with proper facilities for handling and protecting passengers or property. It has no power to regulate the use thereof so that it shall not become a public nuisance. The village or city has that power.

■ We do not think this depot as here operated and maintained constituted a nuisance. 2 Mason Minn. St. 1927, § 10241, defines a public nuisance. Ordinance 25 of the village of Wadena is in part substantially a restatement of this statute. Included in the ordinance also are many specific acts or omissions which are defined to be a public nuisance, including "all loud or unusual noises which offend the peace and quiet of persons of ordinary sensibilities." This ordinance is in accord with the law of the state in this par-

ticular. See Roukivina v. Island F. C. Co. 160 Minn. 335, 338-339, 200 N. W. 350, 38 A. L. R. 1502. 2 Mason Minn. St. 1927, § 9580, defines private nuisances in broad general terms.

The chief complaint in this case is the noise during the nighttime resulting from the pulling of endgate chains, the running of motors, the loading of cans, the moving of loading platforms, etc., and the flash and glare of the truck lights. We think the trial court's finding that this depot constituted a nuisance was palpably against, and contrary to, the weight of the evidence. Whether this depot, if it were a nuisance, would be a public one or a private one we need not here decide. Perhaps it would be both. The same act often is.

In deciding whether a particular act or omission is a nuisance, the court must keep in mind that a lawful business, such as this was, should not be destroyed or unreasonably hampered unless absolutely necessary to the public good. Although noise alone may constitute a nuisance, it must be such a noise as to interfere materially with another's enjoyment of his life and property. Slight, usual, or occasional noises are not sufficient. In determining whether a noise is such as to constitute a nuisance, consideration must be given to the neighborhood and to the usual disturbances prevalent thereabouts. One living in or near a business section of a city or town must necessarily submit to the incidental noise to be found wherever people gather to trade and to carry forward the usual commercial activities which are inseparably associated with the life of any city or town. Certain districts must be dedicated to the carrying on of the city's business enterprises. One person or a small group of persons cannot expect to interfere with the orderly progress thereof.

In the case at bar it appears that the noises objected to are necessary to the operation of this depot; that the depot must operate at night; and that the district in which the depot is located is at best but semiresidential. The street on which this depot faces is in reality a business street. In both adjoining blocks and facing on the same street are other warehouses, stores, terminals, etc. Surely it must be held that this depot was not a nuisance merely because it caused noise and the flash of truck headlights. If the

operation of this depot is a nuisance, what of the other truck depot operated within the range of a city block? It is put to substantially the same use as this one. If this is a nuisance, then it might well follow that all the business buildings in this section of the city such as the Gamble-Robinson warehouse, the public garage, etc., are nuisances. This depot is but a block and one-half from the main street of the town. In a village the size of Wadena it is clear that the real residential section is not this near the main street.

Particularly analogous to the case at bar is Romer· v. St. Paul City Ry. Co. 75 Minn. 211, 77 N. W. 825, 74 A. S. R. 455, where a street car company's car barn maintained in a purely residential portion of the city was held not to be a nuisance despite the fact that cars in going into the barn at all times of day and night caused loud and disagreeable noises. In view of this decision, our holding here must follow *a fortiori* since this section of Wadena is at best only semiresidential.

Reversed.

