THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DAYTON CLEANERS & DYERS CORP., Appellant.

Second Department, May 28, 1937.

*Hamilton Lieb* [*H. Sidney Landau* with him on the brief], for the appellant.

*John H. W. Krogmann, Assistant District Attorney* [*Charles P. Sullivan, District Attorney*, with him on the brief], for the respondent.

PER CURIAM. In the Court of Special Sessions of the City of New York, Borough of Queens, defendant was convicted of the crime of maintaining a public nuisance under subdivision 1 of section 1530 of the Penal Law, and received a suspended sentence. Thereafter, on motion of the district attorney, the suspension of sentence was revoked and a fine of $500 imposed. Defendant appeals from the judgment of conviction and from the order revoking the suspension and imposing the fine.

The proofs fail to show that defendant's business is unlawful, or that it is not conducted properly or by the best known methods for conducting such a business, or that the noise, odors, and dirt complained of do not necessarily result from the proper conduct of the business. (*People* v. *Vandewater*, 250 N. Y. 83, 89; *Hearst* v. *N. Y. C. & H. R. R. R. Co.*, 215 id. 268, 280; *Friedman* v. *New York & Harlem R. R. Co.*, 89 App. Div. 38, 42; affd., 180 N. Y. 550; *Peck* v. *Newburgh Light, Heat & Power Co.*, 132 App. Div. 82, 85, 86; *People* v. *Transit Development Co.*, 131 id. 174, 183.) Defendant uses the best and most modern machinery known to the cleaning business. In view of the character of the neighborhood and the evidence as to defendant's equipment and manner of conducting its business, the proofs are insufficient to sustain the conviction. (*People* v. *Cuneo Eastern Press*, 257 N. Y. 208.)

The judgment and order should be reversed on the law and the information dismissed.

LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting defendant of the crime of maintaining a public nuisance under subdivision 1 of section 1530 of the Penal Law, and order revoking suspension of sentence and fining defendant $500, reversed on the law and information dismissed.